[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14868
Non-Argument Calendar
_____

Agency No. A208-445-953

PARAG PATEL,
a.k.a. Parag Lamba,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 13, 2018)

Before TJOFLAT, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Parag Patel seeks review of the Board of Immigration Appeal's ("BIA") final order affirming the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  On appeal, Patel argues that the denial of his application based on an adverse-credibility determination and lack of corroborating evidence was not supported by substantial evidence, as his testimony showed that he had a well-founded fear of future persecution.

On appeal, we review only the decision of the BIA, unless the BIA adopts the IJ's decision.  *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Additionally, where the BIA agrees expressly with the reasoning of the IJ's decision, we can review both decisions to the extent of the agreement.  *See Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013).

The Attorney General has the authority to grant asylum to an alien who meets the INA's definition of "refugee."  INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A).  A refugee is

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail him or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  The applicant bears the burden of proving that he is a refugee.  INA § 208(b)(1)(B)(i), 8 U.S.C.

2

§ 1158(b)(1)(B)(i).  The applicant must present specific and credible evidence demonstrating that he (1) was persecuted in the past based on one of the protected grounds or (2) has a well-founded fear that he will be persecuted in the future based on one of the protected grounds.  *Ruiz*, 440 F.3d at 1257.  "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii).

To establish eligibility for withholding of removal under the INA, the applicant must demonstrate that, if he were removed, his life or freedom would be threatened because of his race, religion, nationality, membership in a particular social group, or political opinion.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005).  The standard for withholding of removal is "more stringent" than the standard for asylum.  *Id.*  The applicant must show that it is more likely than not that he will be persecuted or tortured upon returning to his country.  *Id.*

Under CAT, the applicant for relief bears the burden of proving that it is "more likely than not that [he] would be tortured if removed to the proposed country of removal."  8 C.F.R. § 208.16(c).  A failure to establish eligibility for

asylum necessitates a failure to meet the higher standards for withholding of removal or protection under CAT. *Najjar*, 257 F.3d at 1292–93.

We review factual determinations, which include credibility determinations, under the substantial-evidence test. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254–55 (11th Cir. 2006). We must affirm the decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Id.* We will view the record in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. *Id.* at 1255. Accordingly, in order to conclude that a finding of fact should be reversed, we must determine that the record compels reversal. *Id.* When the IJ makes an adverse credibility finding, the applicant must demonstrate that the decision was not supported by "specific, cogent reasons" or was not based on substantial evidence. *Id.* (quotation omitted).

An adverse credibility determination standing alone is sufficient to support the denial of an asylum application when there is no other evidence of persecution. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). However, if the applicant produces other evidence of persecution, the IJ must consider that evidence and may not rely solely on the adverse credibility determination. *Id.*

Here, the BIA agreed with much of the IJ's reasoning, so we review both the BIA and the IJ's decisions to the extent of the agreement. *See Rodriguez*, 735 F.3d at 1308.

4

Substantial evidence supports the finding that Patel was not credible, and the BIA and IJ gave "specific, cogent reasons" for the adverse credibility determination. *Forgue*, 401 F.3d at 1286; INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). The BIA and IJ noted the inconsistencies between Patel's oral testimony, his written declaration, and his statements during his credible fear interview. First, as to the February 14, 2011 incident, Patel at various points stated that he was both pushed and threatened, only punched, or merely threatened by members of the Bharatiya Janata Party ("BJP"). Further, during his direct examination at the removal hearing, he failed to mention the August 2, 2011 incident that he had described in his written declaration. *See Forgue*, 401 F.3d at 1287. Finally, in his declaration, Patel stated that he stayed with his sister for six weeks, but during his direct examination, he testified that he stayed with her for six days. The BIA and IJ were not required to accept Patel's explanation that this particular inconsistency was due to differences in the Gujarati and Gregorian calendars. *Chen*, 463 F.3d at 1233. Overall, these inconsistencies support the BIA and IJ's conclusion that Patel was not credible. INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, because Patel's testimony lacked credibility, the BIA and IJ were permitted to note the lack of corroborative evidence to support his testimony in making the adverse credibility finding. INA § 208(b)(1)(B)(ii), 8 U.S.C. § 1158 (b)(1)(B)(ii).

5

Substantial evidence also supports the BIA and IJ's finding that, in light of the adverse credibility finding, Patel failed to meet his burden of proving eligibility for asylum. *Ruiz*, 440 F.3d at 1254–55. Patel's claims rested primarily on his own account, which had inconsistencies that were the basis of the adverse credibility finding. *Forgue*, 401 F.3d at 1287. Beyond his declaration, none of the supporting documents attached to his application demonstrated that members of the Congress Party were persecuted in India by members of the BJP for their political opinions. *Id*. As such, Patel did not present independent or objective evidence that compels a finding that he was eligible for asylum relief. As he could not establish his eligibility for asylum, he also failed to meet the higher standards for withholding of removal or CAT protection. *Najjar*, 247 F.3d at 1292–93. Thus, in light of the BIA and IJ's adverse credibility determination, substantial evidence supports the finding that Patel is not entitled to asylum, withholding of removal, or CAT relief. Accordingly, we deny his petition.

**PETITION DENIED.**